UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT S. WENCLAS,

    Plaintiff,

v.                                                                    Case No. 04-72950

COMMISSIONER OF                                      HONORABLE AVERN COHN
SOCIAL SECURITY,

    Defendant.

_____/

**MEMORANDUM AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### I. Introduction

This is a social security case. Plaintiff Kurt S. Wenclas (Wenclas) appeals from the final determination of the Commissioner of Social Security (Commissioner) that he was not disabled and therefore not entitled to Social Security benefits (benefits). An Administrative Law Judge (ALJ) conducted a hearing and determined that Wenclas was not entitled to benefits. The Social Security Administration's Appeals Council denied review of the ALJ's decision.

Wenclas filed this action for judicial review under 42 U.S.C. § 405(g). The matter was referred to a magistrate judge, before whom Wenclas and the Commissioner filed motions for summary judgment. The magistrate judge issued a report and recommendation (MJRR) that the ALJ's decision be affirmed. Wenclas filed objections to the MJRR, stating that the ALJ's decision is not supported by substantial evidence.

The Commissioner filed a response to Wenclas' objections.

For the reasons that follow, Wenclas' motion for summary judgment is DENIED, the Commissioner's motion for summary judgment is GRANTED, and this case is DISMISSED.

## II. Background

### A. Factual Background

Wenclas was born in 1955, has a high school education, and attended two years of college. He spent nearly a decade in the military and was then employed as a gas station clerk and automotive parts delivery person prior to the date of his alleged disability.

On September 24, 1999, Wenclas filed an application for disability benefits, claiming that he became disabled because of pain associated with right hip, back, and left knee problems. He testified at the administrative hearing that he could only sit for an hour and stand for ten minutes before needing to change positions. Wenclas further testified that he could not walk more than a half block at a time, could not lift more than ten pounds, and that pain medications failed to relieve his discomfort. In addition to these problems, he testified that he needed to lie down several times a day, for up to an hour at a time, to reduce his pain symptoms.

At the administrative hearing, Dr. Syed Iqbal (Iqbal), a medical expert, testified after reviewing Wenclas' medical records. Iqbal summarized Wenclas' medical conditions and concluded that Wenclas retained the residual functional capacity to lift upwards of twenty pounds occasionally and ten pounds frequently. Iqbal also concluded that Wenclas could stand and walk for six hours in a normal eight-hour

workday. Iqbal testified that (1) Wenclas' primary physical impairment involves mild osteoarthritic changes in his left knee, (2) there were no major skeletal deformities, and (3) a range-of-motion study of all lower extremity joints was normal.

There was no vocational expert testimony at the administrative hearing.

## B. Procedural Background

The ALJ conducted an administrative hearing. Applying the five-step analysis of 20 C.F.R. § 404.1520, the ALJ concluded that (1) Wenclas has not engaged in substantial gainful activity since the alleged onset of his medical condition; (2) Wenclas was impaired as a result of hip, back, and knee pain; (3) Wenclas did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments; (4) Wenclas' joint pain restricts him to light work; and (5) Wenclas can perform his past work as a gas station clerk. Accordingly, the ALJ concluded that Wenclas is not disabled. The ALJ further found that Wenclas' allegations regarding his limitations were not entirely credible based on the objective medical evidence.

## III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantiality of the

evidence must be based upon the record as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). "[T]he decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. See 28 U.S.C § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV. Discussion

Wenclas says that the ALJ's decision is not supported by substantial evidence because (1) the ALJ found Wenclas' complaints of total disability not fully credible, (2) the Social Security Act does not require a claimant to be "totally disabled," and (3) the medical advisor did not examine or evaluate Wenclas before reaching his conclusion and the medical advisor is not an orthopedic specialist or a neurologist and not able to accurately evaluate herniated lumbar discs and discogenic desiccation.

### A. Wenclas' Credibility

Wenclas says that the ALJ erred in discounting his credibility. Specifically, Wenclas challenges the ALJ's conclusion that he could return to his past relevant work as a gas station clerk. Wenclas says that constant pain precludes him from walking and standing for any significant period of time, that he is incapable of lifting more than ten pounds at a time, that he cannot sit for more than an hour without the need to lie down, and that pain medications fail to relieve any discomfort of his back or hip.

4

The ALJ found:

> While the claimant maintains that he could not perform the manual dexterity, walking and standing requirements of his past light work, he does not point to any medical opinion or objective evidence corroborating his claim of disability. To the contrary, no examining physician opined that Plaintiff was totally disabled.

The Court of Appeals for the Sixth Circuit has noted that an ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters, 127 F.3d at 531.  Any credibility assessment made by an ALJ, however, must be supported by substantial evidence in the record. Id.

While there is some evidence of disc herniation, osteoarthritic changes in the hips, bilateral knee osteoarthritis, and degenerative arthritis, there is substantial evidence in the record to support the ALJ's conclusion that Wenclas' statements were not entirely credible.  The ALJ acknowledged that Wenclas has problems because of osteoarthritis and his former career as an airborne combat engineer, but there is nothing in the record to support his assertion that he cannot stand for more than ten minutes at a time.

The ALJ did not completely discount Wenclas' credibility because objective medical evidence indicated Wenclas' recurrent lower back, knee, and hip problems.  X-rays indicated mild degenerative changes, bilateral patella femora pain syndrome, and chondrolmalacia.  A 1997 report by Edward Frattini, one of Wenclas' treating physicians, indicated extensive paravertebral muscle spasm and splinting of the cervical, thoracic, and lumbosacral spine.  An MRI in 1997 raised suspicions of avascular or aseptic necrosis of Wenclas' hip.  Further, Wenclas has been on Elavil,

Darvocet, and other pain medications since his medical release from the Army.

Despite the above medical reports, there is substantial evidence demonstrating that Wenclas' mild osteoarthritic changes would still allow him to perform medium work activity.  Imaging studies have revealed no skeletal deformities that might suggest severe, disabling pain.  Iqbal, the doctor who reviewed Wenclas' medical records and testified at the administrative hearing, stated that Wenclas' pain is tolerable with pain medication and that it is not so severe as to prevent him from standing for more than ten minutes.  The ALJ was correct in concluding that Wenclas' statements were not entirely credible because substantial objective medical evidence in the record did not support the conclusion that Wenclas' condition was of such severity to cause disabling pain that precluded him from returning to his previous employment.

### B. Requirement of "Total Disability"

The magistrate judge noted that "[c]linical evaluations as well as radiographic studies failed to disclose totally disabling pathology."  Wenclas says that there is no requirement that a claimant be "totally disabled."  Wenclas is correct that there is no "total disability" requirement, but a fair review of the MJRR does not show that the magistrate judge held that Wenclas must make a showing that he is totally disabled.

The plaintiff has the burden of proving that he is disabled and therefore entitled to benefits.  Yuch v. Comm'r of Soc. Sec., ___ F. Supp. 2d ____, 2005 WL 628993 *1, *2 (E.D. Mich. Mar. 16, 2005).  Under the Social Security Act, a person is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12

6

months. . . ." and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful activity which exists in the national economy." Id.; see also 42 U.S.C. §§ 423(d)(1)(A) and (d)(2)(A). Wenclas says that the primary issue is whether the record contained evidence that he could perform his past work as a gas station clerk.

Wenclas cannot show that he is unable to engage in any substantial gainful employment. According to 20 C.F.R. § 404.1572, substantial gainful employment is defined as "work activity that involves doing significant physical or mental activities. . . . [W]ork may be substantial even if it is done on a part-time or full-time basis." While Wenclas has not engaged in substantial gainful activity since August 1999, his medical records demonstrate that he retains the functional capacity to perform a full range of light work activity, that he is capable of standing for lengthy periods of time and lifting ten pounds frequently. Iqbal examined Wenclas' medical records and testified that there was no major skeletal deformities that would cause such severe pain as would preclude any type of work. Further, a neurology consult from 2002 stated that previous MRIs of Wenclas' spine had shown "minor disc disease with no clear etiology for pain."

Wenclas points to no medical opinion or objective evidence corroborating his claim of disability, and no examining physician opined that he was totally disabled such that he would be precluded from engaging in substantial gainful employment. Clinical evaluations and radiographic studies also failed to disclose disabling pathology. Imaging studies were negative for severe malalignment, herniation, stenosis or significant degenerative changes, and electromyographic tests showed no radial or

7

radicular process.  No physician ever recommended he lie down several times a day to relieve discomfort, and Sadiq, his examining physician, stated that Wenclas did not need a cane because he showed no signs of instability when walking.  Further, there were no sign of neurological deficit, limitation of motion or motor deficits discovered during a Veterans' Administration orthopedic examination.

Substantial evidence in the record shows that Wenclas suffers from physical impairments, but those impairments are not severe enough to restrict him from any substantial gainful employment, such as his previous employment as a gas station attendant.

### C. Medical Advisor Not a Specialist

Wenclas claims that Iqbal did not examine or evaluate him prior to advising the ALJ.  He states that Iqbal merely reviewed the medical assessments and reports of other physicians before opining that Wenclas could stand and walk for six hours in the course of an eight-hour workday.  Further, Wenclas points out that Iqbal is not an orthopedic specialist or a neurologist, and therefore, not capable of accurately evaluating herniated lumbar discs and discogenic desiccation.  Wenclas says that Iqbal's direct testimony did not mention herniated discs or MRI findings, and that Iqbal further testified that displacement of the nerve root would not cause pain, but that discogenic desiccation could.

The record shows that Iqbal did not himself examine Wenclas and his report cannot be treated as one from a treating physician.  However, the Court can treat his statements as instructive in evaluating Wenclas' condition.  Treating physicians submitted reports regarding Wenclas' medical history, including a radiology report from

8

September 1999 showing a right paracentral disc herniation at C6-C7 in Wenclas' neck, but failing to show any central canal stenosis. Iqbal's testimony was in accord with the opinions of Dr. Zhou and Dr. Kapen, treating physicians, when they found his test results insignificant enough to set physical restrictions on Wenclas. MRIs showed a L5-S1 disc herniation that was stable, and his treating doctors expressed no concern about that test result. A neurology consult was completed in May 2002, stating that Wenclas' cervical and lumbar spines had shown "minor disc disease with no clear etiology for pain." Further, in August 2004, Dr. Klipp, another treating physician, reported that an electromyographic exam had produced no definite electrodiagnostic evidence of ongoing right lower extremity radiculopathy.

Wenclas has not identified any physicians, treating or not, who support his claims, and all of the above opinions submitted by treating physicians coincide with Iqbal's testimony. Iqbal may not have examined Wenclas personally, but his testimony, in addition to treating physicians' opinions, demonstrate that Wenclas is not disabled, and therefore not entitled to Social Security benefits.

## V. Conclusion

The findings and conclusions of the magistrate judge are adopted by the Court as supplemented in the above discussion. The ALJ's decision is supported by substantial evidence.

SO ORDERED.

                                                   s/Avern Cohn  
                                                   AVERN COHN  
                                                   UNITED STATES DISTRICT JUDGE

Dated: April 28, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2005, by electronic and/or ordinary mail.

                                             s/Julie Owens
                                             Case Manager
                                             (313) 234-5160